UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL ZEKE ARMITAGE, | No.  2:13-cv-2236 DAD |
| Petitioner, | |
| v. | ORDER |
| P. D. BRAZELTON, Warden | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties in this habeas action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Petitioner challenges an August 26, 2011 judgment of conviction entered against him in Sacramento County Superior Court on two counts of oral copulation with a child ten years of age or under in violation of California Penal Code § 288.7(b), two counts of sexual intercourse with a child ten years of age or under in violation of California Penal Code § 288.7(a), and two counts of sodomy with a child ten years of age or under in violation of California Penal Code §288.7(a). The jury also found true the sentencing enhancement allegation, brought pursuant to California Penal Code § 667.5(b), that petitioner had served five prior prison terms.  Petitioner seeks federal habeas relief on the sole grounds that the prosecutor committed misconduct at his trial, and violated petitioner's rights to due process and a fair trial, by telling the prospective jurors during

1

voir dire that "this was not a 'Three Strikes' case." (ECF No. 1 at 5.) For the reasons set forth below, the court concludes that petitioner is not entitled to federal habeas relief.

**I. Background**

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following summary of the relevant factual background.[1]

> Prior to trial, defendant withdrew his motion to bifurcate trial on the prior prison term enhancements; he believed the jury would hear such evidence anyway because he intended to testify.
>
> The next day, the prosecutor expressed concern that because the jury would now be considering the prior prison terms, they might assume the case involved the three strikes law. The prosecutor wanted to negate any biases the jurors might harbor regarding the three strikes law. Accordingly, the prosecutor asked that the prospective jurors be told during voir dire that this is not a three strikes case.
>
> Defense counsel opposed making such a statement to the jury, asserting it was not appropriate for the jury to consider penalty or punishment. Defense counsel asserted that if the People wanted to inform potential jurors that this is not a three strikes case, the only reason for that was to make the jurors "less concerned about the effect" of the case on defendant.
>
> After further argument, the trial court agreed that the prosecutor could inform the prospective jurors during voir dire that this is not a three strikes case, but the prospective jurors would also need to be informed that they must not consider penalty or punishment and cannot consider the priors except as instructed by the trial court.
>
> During voir dire, the prosecutor made the following statement:
>
> "Penalty or punishment: Not something jurors consider. It is fully the purview of the Court if and when someone is convicted. The jurors focus purely on the question of guilt. [¶] So, an example: Three strikes. Controversial issue. This is not a three strikes case. But an example would be that discussion happening in the deliberation room, would be totally inappropriate. Anything surrounding penalty or punishment would be inappropriate to discuss, inappropriate to consider."
>
> The jury convicted defendant on two counts of oral copulation with a child ten years of age or under (Pen. Code, § 288.7, subd. (b);

---

[1] A copy of the state appellate court's opinion is attached as Exhibit A to Respondent's Answer (Dkt. No. 17), filed February 14, 2011, and also may be found at People v. Armitage, No. C069103, 2012 WL 3871383, at *1-2 (Cal. App. Sept. 7, 2012).

> counts one and two),[N.1] two counts of sexual intercourse with a child ten years of age or under (§ 288.7, subd. (a); counts three and four), and two counts of sodomy with a child ten years of age or under (§ 288.7, subd. (a); counts five and six). In addition, the jury found true the allegations that defendant served five prior prison terms. (§667.5, subd. (b).) The trial court sentenced defendant to the following consecutive terms: two terms of 15 years to life on the convictions for oral copulation, four terms of 25 years to life on the convictions for sexual intercourse and sodomy, and one year for each of the prior prison term enhancements.
>
> [N.1] Undesignated statutory references are to the Penal Code.

Armitage, 2012 WL 3871383, at *1-2.

## II. Standard of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Greene v. Fisher, ___ U.S. ___, 132 S. Ct. 38, 44 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent

3

"may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, ___ U.S. ___, ___, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, ___ U.S. ___, ___, 132 S. Ct. 2148, 2155 (2012)). Nor may circuit precedent be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86,___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1088, 1091 (2013).

/////

5

1    Where the state court reaches a decision on the merits but provides no reasoning to
2    support its conclusion, a federal habeas court independently reviews the record to determine
3    whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v.
4    Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo
5    review of the constitutional issue, but rather, the only method by which we can determine whether
6    a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no
7    reasoned decision is available, the habeas petitioner still has the burden of "showing there was no
8    reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784.

9    A summary denial is presumed to be a denial on the merits of the petitioner's claims.
10   Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze
11   just what the state court did when it issued a summary denial, the federal court must review the
12   state court record to determine whether there was any "reasonable basis for the state court to deny
13   relief." Richter, 131 S. Ct. at 784. This court "must determine what arguments or theories . . .
14   could have supported, the state court's decision; and then it must ask whether it is possible
15   fairminded jurists could disagree that those arguments or theories are inconsistent with the
16   holding in a prior decision of [the Supreme] Court." Id. at 786. The petitioner bears "the burden
17   to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v.
18   Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 131 S. Ct. at 784).

19   When it is clear, however, that a state court has not reached the merits of a petitioner's
20   claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal
21   habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462
22   F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

23   **III. Petitioner's Due Process Claim**

24   A. Arguments of the parties

25   In his habeas petition filed in this court, petitioner claims that "[a]dvising the jury that this
26   was not a 'Three Strikes' case deprived [him] of his rights to due process and a fair trial under the
27   /////
28   /////

6

state and federal constitutions." (ECF No. 1 at 5.)[3] In support of this claim, petitioner explains as follows:

> Before jury selection, the prosecutor requested to inform the jury that this was not a "Three Strikes" case, claiming that once the jurors heard about the prior convictions, they would automatically think it was a Three Strikes case. Petitioner objected that it was inappropriate for the jury to consider penalty or punishment. The trial court at first properly said it would instruct the jury not to consider penalty or punishment but this was not sufficient for the prosecutor who maintained the jury should be told it was not a Three Strikes case. Ultimately, the court decided that the jury would wonder why the prior convictions were alleged, so the jury could be informed it was not a Three Strikes case. However, when petitioner asked to tell the jury that it was a life case, the trial court felt this was an issue of punishment which was forbidden. The trial court did not explain why informing the jury this was not a Three Strikes case also was not an issue of punishment. This was unreasonable and deprived petitioner of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments to the US Constitution.

(Id.)

On appeal from his conviction petitioner argued, as he does in his petition before this court, that "advising the jury that this was not a 'Three Strikes' case deprived [him] of his rights to due process and a fair trial under the state and federal constitutions." (Resp't's Lod. Doc. 11 at i.) He contended on appeal that the trial court's ruling allowing the prosecutor to inform the jury that the charges he faced at trial did not invoke California's Three Strikes Law violated his "right to have a fair and impartial jury determine guilt or innocence" and constituted an abuse of the trial court's discretion. (Id. at 15-17.) Petitioner also argued on appeal that, "if the prosecution has committed a fundamental constitutional error bearing a substantial impact, reversal is compelled." (Id. at 22.) Petitioner asserted that the prosecutor's objectionable advisement to the prospective jurors during voir dire "implied to the jury that the defendant was not subject to a three strikes

---

[3] Petitioner's motions to proceed in forma pauperis and for appointment of counsel, filed with this court on October 25, 2013, were signed by petitioner. (ECF Nos. 2 & 3.) The actual form petition for federal habeas relief was, according to a note below the signature line, written on a pro bono basis by the appointed counsel who represented petitioner on appeal in state court. (ECF No. 1 at 14.) The argument presented on petitioner's behalf on appeal appears to be merely a more detailed examination of the same claim presented in the petition pending before this court. (See Resp't's Lod. Doc. 11 at 12-30; Lod. Doc. 13 at 1-3.)

sentence of 25 years to life when in fact he was, due to the nature of the charges." (Id.)[4]

In affirming petitioner's judgment of conviction the California Court of Appeal rejected petitioner's arguments, reasoning as follows:

> Turning to the merits of defendant's contention, the trial court did not deny defendant due process or a fair trial when it allowed the prosecutor to tell the jury during voir dire that this is not a three strikes case. The statement was accurate and served to clarify the circumstances of the case.
>
> Such a statement during jury selection did not violate the constitution. "[W]hile the right to an impartial jury enjoys constitutional protection, the manner of choosing that jury is not similarly endowed." A trial court has great latitude in determining the scope of voir dire, and a trial court's exercise of discretion during voir dire is accorded considerable deference by appellate courts.
>
> In any event, the trial court ensured that the prosecutor's comment was made in the context of emphasizing that the jurors were not to consider defendant's possible penalty or punishment. Absent evidence to the contrary, general statements made during voir dire do not create "such an indelible impression on prospective jurors" that they are unable to follow specific jury instructions given before deliberations. Here, the trial court instructed the jurors with CALCRIM No. 3550, which states in relevant part: "You must reach your verdict without any consideration of punishment." We assume the jurors understood and followed the trial court's instructions.

2012 WL 3871383, at *2 (citations omitted).

In the answer filed with this court, respondent construes the pending petition as raising a claim of prosecutorial misconduct and analyzes the claim accordingly. (ECF No. 16 at 13-15.) Respondent first argues that petitioner did not exhaust in state court the prosecutorial misconduct claim he now raises in the instant petition. (Id. at 8-11.) Respondent also argues that the state appellate court's rejection of petitioner's argument that his due process rights were violated by the challenged voir dire was not contrary to, or an unreasonable application of, clearly established Federal law.

Whether petitioner's due process claim was properly exhausted in state court or not, for the reasons set forth below, the undersigned concludes that his claim lacks merit and that his

---

[4] Petitioner raised this same claim in a petition for review he filed in the California Supreme Court. (Resp't's Lod. Doc. 14.) That petition was summarily denied. (Resp't's Lod. Doc. 15.)

1 petition for federal habeas relief must therefore be denied. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")[5]

B. Analysis

Prosecutorial misconduct does not, per se, violate a petitioner's constitutional rights. Jeffries v. Blodgett, 5 F.3d 1180, 1191 (9th Cir.1993) (citing Darden v. Wainwright, 477 U.S. 168, 181 (1986) and Campbell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987)). Rather, claims of prosecutorial misconduct are reviewed "'on the merits, examining the entire proceedings to determine whether the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Johnson v. Sublette, 63 F.3d 926, 929 (9th Cir. 1995) (citation omitted). Accord Greer v. Miller, 483 U.S. 756, 765 (1987); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Turner v. Calderon, 281 F.3d 851, 868 (9th Cir. 2002).[6] Federal habeas relief is therefore limited to cases in which the petitioner can establish that prosecutorial misconduct resulted in actual prejudice. Johnson, 63 F.3d at 930 (citing Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)); see also Darden, 477 U.S. at 181–83; Turner, 281 F.3d at 868.[7] Under this standard, prosecutorial misconduct violates due process only when it has a substantial and injurious effect or influence in determining the jury's verdict. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996).

For the reasons expressed by the California Court of Appeal in affirming petitioner's judgment of conviction on appeal, the conduct of the prosecutor during voir dire about which

---

[5] Petitioner did not file a traverse.

[6] In analyzing a claim that a petitioner's trial was conducted in a manner violative of due process, the only question before the federal habeas court is whether the prosecutor committed an error that rendered the trial so arbitrary and fundamentally unfair that it violated federal due process. See Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991) ("The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point.").

[7] Even where there is no decision from the state court articulating its underlying reasoning a federal habeas applicant still bears the burden of showing that there was no reasonable basis for the state court to deny relief. Harrington v. Richter, 562 U.S. 86,___,131 S. Ct. 770, 784 (2011); Murray v. Schriro, 746 F.3d 418, 441 (9th Cir. 2014).

9

1 petitioner complains was not so egregious as to render petitioner's trial so fundamentally unfair
2 that it violated due process.  Specifically, petitioner has not established that the prosecutor's
3 statement to the prospective jurors during voir dire, "this is not a three strikes case," constituted
4 misconduct or resulted in petitioner suffering any prejudice under the circumstances of this case.
5 Thus, petitioner has also failed to meet his burden of showing that the decision of the state
6 appellate court rejecting his prosecutorial misconduct argument was a decision that was contrary
7 to or an unreasonable application of clearly established federal law.  See 28 U.S.C. § 2254(d)(1).

First, it does not appear that the United States Supreme Court has expressly held that a trial court violates a defendant's due process rights by allowing a prosecutor to make a statement regarding punishment to prospective jurors during voir dire.  See Wright v. Van Patten, 552 U.S. 120, 125 (2008) (holding that the state court's decision was not an unreasonable application of clearly established federal law where no Supreme Court decision "squarely addresse[d] the issue" in the case or gave a "clear answer to the question presented"); John-Charles v. California, 646 F.3d 1243, 1248 (9th Cir. 2011).  Indeed, the Supreme Court has observed that "[d]espite its importance, the adequacy of voir dire is not easily subject to appellate review" and "[b]ecause the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because [the judge] must rely largely on his [or her] immediate perceptions, . . . judges have been accorded ample discretion in determining how best to conduct the voir dire."  Rosales-Lopez v. United States, 451 U.S. 182, 188-89 (1981).  See also Mu'Min v. Virginia, 500 U.S. 415, 424 (1991).

Moreover, consideration of the decisions of other federal courts addressing claims of prosecutorial misconduct during voir dire support the conclusion that petitioner is not entitled to federal habeas relief in this case.  Instructive is the decision in Maldonado v. California, No. EDCV 08-1124-GW (MAN), 2009 WL 6048271 (C.D. Cal. Oct. 21, 2009), adopted by 2010 WL 956032 (C. D. Cal. Mar. 11, 2010).  In that case one of the petitioner's claims for habeas relief was that the prosecutor at his trial committed misconduct by diluting the presumption of

/////

/////

10

innocence through his remarks during the voir dire process. 2009 WL 6048271, at *11.[8] The trial judge overruled defense counsel's objection to the prosecutor's voir dire, later denied a defense motion for mistrial and at the conclusion of evidence instructed the chosen jury regarding the presumption of innocence, reasonable doubt and the prosecutor's burden of proof in keeping with California law. Id. at 12-13. After the return of guilty verdicts, the petitioner's motion for a new trial based upon alleged prosecutorial misconduct during voir dire was denied with the trial court concluding that even if the prosecutor's remarks were improper, any error was harmless. Id. at 13-14. On federal habeas review, the court concluded that the petitioner was not entitled to relief, explaining as follows:

> As noted above, the trial court was not convinced that the challenged voir dire comments of the prosecutor actually mischaracterized the presumption of innocence. As the trial court construed them, the prosecutor's remarks, read fairly, indicated to the prospective jurors that the presumption of innocence holds fast no matter how strong the State's case may initially appear to be. [citation omitted]. The trial court further concluded that, even if the prosecutor's voir dire remarks were inappropriate, they were harmless in view of the strength of the State's case and the correct instructions given to the jury by the trial court regarding the presumption of innocence, the reasonable doubt standard, and the prosecutor's burden. [citation omitted]. The California Court of Appeal concluded that no misconduct had been committed by the prosecutor, because "he simply pointed out that even if many people witness a crime," the defendant "is cloaked with the presumption of innocence" at trial, just as was Petitioner. [citation omitted]. The state appellate court concluded that the prosecutor's example did not trivialize or dilute the presumption of innocence. (Id.)
>
> The state courts' findings were objectively reasonable and comported with the clearly established federal law discussed above. . . . Petitioner also does not argue that the jury at his trial was misinstructed by the trial court regarding the presumption of innocence, nor could he so argue. Whatever import the prosecutor's punching the bailiff in the nose example might have had on the prospective jurors, the jurors were plainly and repeatedly instructed by the trial court correctly regarding the presumption of innocence, as well as the reasonable doubt standard and the prosecutor's related burden.

/////

---

[8] The prosecutor stated to the prospective jurors that if he punched the court's bailiff in the nose in front of all the jurors and was then prosecuted and tried for assault and battery, that he too would be entitled to the presumption of evidence at trial even though they had witnessed the assault. 2009 WL 6048271, at *12.

11

> The jury is presumed to follow its instructions. <u>Penry v. Johnson</u>, 532 U.S. 782, 799, 121 S. Ct. 1910, 1922 (2001); <u>Weeks v. Angelone</u>, 528 U.S. 225, 234, 120 S. Ct. 727, 732 (2000). There is nothing in the record that indicates the jurors did not do so in this case, and there is no basis for speculating otherwise. "'The jury is regularly presumed to accept the law as stated by the court, not as stated by counsel.'" <u>United States v. Medina Castaneda</u>, 511 F.3d 1246, 1249-50 (9th Cir.2008) (citation omitted) (prosecutor's misstatement of reasonable doubt standard in closing argument held to be insufficient to warrant reversal under plain error standard, because: the jury was properly instructed as to reasonable doubt; and there was no evidence that overcame the presumption that the jury followed their instructions), cert. denied --- U.S. ----, 128 S. Ct. 2946 (2008).
>
> Even if, arguendo, the prosecutor's example during voir dire was inappropriate or improper, it did not rise to the level of a cognizable due process violation. The Court cannot say that the prosecutor's statements went so far as to infect Petitioner's trial with unfairness, given that the jury repeatedly was instructed by the trial court regarding the presumption of innocence and that the trial court further instructed the jury that: it must follow the court's instructions regarding the law, even if anything said by the attorneys regarding the law conflicts with the trial court's instructions; the reasonable doubt standard also applied to circumstantial evidence; and the prosecutor had the burden of proving, beyond a reasonable doubt . . . . As discussed earlier, prosecutorial statements cannot be "judged as having the same force as an instruction from the trial court." Boyde, 494 U.S. at 384-85, 110 S. Ct. at 1200.

<u>Maldonado</u>, 2009 WL at *16-17.

Other federal courts to address similar claims on habeas review have reached the same conclusion in cases arising under circumstances similar to this one. See <u>Lang v. Gundy</u>, 399 Fed. Appx. 969, 974-75 (6th Cir. 2010) (affirming denial of habeas relief where the prosecutor's statements and legal arguments during voir dire did not render the entire trial fundamentally unfair because the trial court sustained defense counsel's objections thereto and gave an adequate curative instruction); <u>Ruth v. Thaler</u>, Civil Action No. H-13-0277, 2013 WL 4515900, at *16-17 (S.D. Tex. Aug. 23, 2013) (denying habeas relief and finding that petitioner's right to a fair trial was not violated where the prosecutor made a single comment during voir dire that it was her opinion that the killing in question was not justified and the trial court immediately gave a curative instruction); <u>Carter v. Chappell</u>, No. 06cv1343 BEN (KSC), 2013 WL 1120657, at *110-11 (S.D. Cal. Mar. 18, 2013) (habeas petitioner's claim that the prosecutor committed misconduct

during voir dire by making political comments regarding the state of capital punishment in California was rejected where the jury ultimately chosen was properly instructed not to consider as evidence the statements of the attorneys and the petitioner failed to demonstrate any prejudice); Baldwin v. Adams, 899 F. Supp. 2d 889, 917 (N.D. Cal. 2012) (denying petition where prosecutor made allegedly improper suggestions and insinuations to prospective jurors during voir dire and finding that "because this was an appropriate line of inquiry during voir dire . . . [t]he state court's finding was not unreasonable"); Ross v. Director, TDCJ-CID, Civil Action No. 6:12cv306, 2012 WL 6803624, at *3-4 (E.D. Tex. Nov. 30, 2012) (denying relief and noting that in order for habeas relief to be granted due to prosecutorial misconduct during voir dire, "[t]he conduct must be either persistent and pronounced, or the evidence so insubstantial that but for the remarks, probably no conviction would have occurred."), adopted by 2013 WL 85095 (E.D. Tex. Jan. 7, 2013); Housley v. Tanner, Civil Action No. 09-4358, 2010 WL 4924776, at *3-5 (E.D. La. Oct. 27, 2010) (denying habeas relief on a claim of misconduct during voir dire because the prosecutor's questioning did not render petitioner's trial fundamentally unfair), adopted by 2010 WL 4924774 (E. D. La. Nov. 29, 2010); Brown v. Sirmons, 415 F. Supp.2d 1268, 1296 (N.D. Okla. 2006) (denying habeas relief and noting that petitioner failed to satisfy his burden of establishing that the prosecutor's comments during voir dire were so prejudicial that petitioner "was deprived of the fundamental fairness essential to the concept of due process.").

Here, petitioner's prosecutorial misconduct claim is directed at a single comment made by the prosecutor during voir dire, as opposed to either persistent or pronounced conduct throughout trial.[9] In addition, as pointed out by the state appellate court, the prosecutor's statement during

---

[9] When a prosecutor's statement to the jury is challenged as improper, the "prosecutorial comment must be examined in context." United States v. Robinson, 485 U.S. 25, 33 (1988)"). See also Slagle v. Bagley, 457 F.3d 501, 526 (6th Cir. 2006) (noting that the timing of such comments is significant in determining whether the comments were prejudicial). Here, immediately before the challenged statement the prosecutor told the prospective jurors that they were to "focus purely on the question of guilt." 2012 WL 3871383, at *1. Immediately after the prosecutor told the prospective jurors that petitioner's "was not a three strikes case," she also informed the jurors that "[a]nything surrounding penalty or punishment would be inappropriate to discuss, inappropriate to consider." (Id.) It is in that context that the challenged statement must be evaluated.

voir dire that, "this is not a three strikes case," was accurate and arguably served to clarify the circumstances of the case that was to be tried. As also recognized by the California Court of Appeal, "the trial court ensured that the prosecutor's comment was made in the context of emphasizing that the jurors were not to consider defendant's possible penalty or punishment." 2012 WL 3871383, at *2. It is undisputed that the jury which was eventually seated for petitioner's trial was properly instructed that they were to reach their verdict without any consideration of punishment.[10] As noted, in the absence of evidence to the contrary, the jury is presumed to have followed that instruction. Weeks v. Angelone, 528 U.S. 225, 234 (2000); Richardson v. Marsh, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"). Finally, petitioner has made no showing even suggesting that the prosecutor's single, brief statement during voir dire had a substantial and injurious effect or influence in determining the jury's verdict in his case.

For all of these reasons, petitioner is not entitled to federal habeas relief with respect to his claim that his rights to due process and a fair trial were violated when the prosecutor during voir dire advised the prospective jurors that petitioner's "was not a three strikes case."[11]

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

Dated:  February 13, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mp

---

[10] In addition, the undersigned notes that petitioner's jury was also properly instructed that "[n]othing that the attorneys say is evidence." (Clerk's Transcript on Appeal ("CT") at 244.)

[11] To the extent petitioner's claim could be construed as one alleging that he was denied his Sixth Amendment right to an impartial jury as a result of the prosecutor's alleged misconduct, he is not entitled to relief for the same reasons set forth above analyzing his claim under due process principles. See York v Fischer, No. 04-CV-1467 (DLI), 2006 WL 6461993, at *8-11 (E.D.N.Y. July 21, 2006) (denying relief and rejecting petitioner's claim that the prosecutor's use of improper hypothetical questions during voir dire denied him his Sixth Amendment right to an impartial jury).

armitage2236.hc